# GRAND OPERA HOUSE COMPANY ET AL., RESPONDENTS, *v.* MAGUIRE, APPELLANT.

[Submitted July 2, 1894.    Decided July 14, 1894.]

JUDGMENT—*Findings—Mortgage—Error in description.*—This court is not warranted in disturbing a finding of the trial court that a mortgage which contained an error in the description of the premises intended to be covered thereby, and which had been voluntarily reformed by the parties subsequently to commencement of the work for which appellant claimed a mechanic's lien, took precedence to such lien, where it appeared that the error was palpable, and, the evidence not being contained in the record, there was nothing to indicate that the finding was not based upon knowledge by the lien claimants of such error.

MECHANIC'S LIEN—*Foreclosure—Possession by lienor—Prior mortgagee—Removal of building.*—Under the provision of the mechanic's lien law (Comp. Stats., div. 5, § 1376), preserving to a lienor a right to the building or improvement superior to that of a prior mortgagee of the land, with right of removal within a reasonable time after a sale, a purchaser, who is in possession of premises under a sale upon the foreclosure of his lien, is entitled, as against the holder of a mortgage having priority to his lien as to the land, to remain in possession of the premises until the foreclosure of the mortgage, without losing his right to remove the building. In such case the reasonable time within which the building or improvement should be removed is prior to the time when the lienor must yield possession of the land to the mortgagee under his foreclosure proceedings, but the removal should not be made until after the period for redemption allowed by law to the proprietor, as well as to the mortgagee, has expired.

SAME—*Same—Removal of building—Decree.*—A lien claimant does not lose his right to remove from the owner's land the building or other improvement upon which his lien has been enforced, by failing to claim such right upon foreclosure, and to have the decree provide for the removal of the building within a reasonable time. Nor would the lien claimant's right of removal be affected by the fact that the building was of brick or stone, the removal of which would involve great loss.

MORTGAGES—*Foreclosure—Proof of attorneys' fees.*—Testimony by an attorney of ability and experience as to what would be a reasonable attorney's fee for foreclosing a mortgage, which is elicited upon a statement to him of the character of the case and the amount involved, is proper, and in such inquiry the witness may be asked on cross-examination for what compensation a competent lawyer could be procured to prosecute such an action on behalf of his own client.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to foreclose a mortgage. The cause was tried before BUCK, J. Plaintiff obtained a decree adjudging defendant's title by foreclosure sale under a mechanic's lien, subsequent to plaintiff's mortgage, both as to the improvement as well as the land. Reversed.

*William Scallon,* for Appellant.

*Forbis & Forbis,* for Respondents.

HARWOOD, J.—As regards the point relating to the reformation of the mortgage, we find no ground to disturb the finding and holding of the trial court to the effect that appellant's lien claim ought not to apply precedent to the mortgage on the east seventeen and one-half feet of lot 16, which the building covered. It appears the building covered the west one-half of lot 14, all of lot 15, and the east seventeen and one-half feet of lot 16. The mortgage was executed, delivered, and recorded in September, 1888, prior to the commencement of the building through which the lien rights accrued, and correctly described said land, except as to the seventeen and one-half feet of lot 16. As to that, the word "west" was inserted by mistake, as alleged, in the original mortgage, instead of the word "east," as the parties had agreed and intended. Thereafter, in the month of February, 1889, upon discovery of this mistake, as appears, the parties to the mortgage executed and caused to be recorded an instrument setting forth said mistake, providing and covenanting therein that the original mortgage was corrected thereby in the particular mentioned, by substituting the word "east" for the word "west," as written in the original mortgage, in respect to the seventeen and one-half feet of lot 16. But in the mean time the erection of the opera-house on said premises had been commenced.

The facts relative to the alleged mistake, and the reformation thereof by the parties to the mortgage, are set forth in the complaint, accompanied with a prayer that the mortgage, as voluntarily reformed by the parties thereto, be held precedent to the lien claim of appellant accruing through furnishing labor or material for said building, in so far as it related to the seventeen and one-half feet of the east side of said lot 16, as well as the rest of said premises. Appellant, by answer, contested plaintiff's right to such relief, but does not deny the facts alleged in regard to said mistake and the voluntary correction thereof by the parties. The evidence introduced on the trial in relation to this point in controversy is not here

for our review. So far as shown, this mistake was so circumstanced as to be quite palpable to any one coming into such relation to the property as the parties to this action afterwards sustained. Besides, there may have been legitimately shown in evidence facts and circumstances in reference to the knowledge and understanding of the parties contracting to erect the building or furnish material therefor which would have aided the trial court in reaching the conclusion that those who became lien claimants were in no wise misled to their injury by reason of said mistake. In short, it may have been shown that the lien claimants understood, as well as the proprietor contracting for the erection of said building, that the mortgage covered the premises on which the same was erected. It was certainly pertinent to show in evidence the relations and understanding of the parties in reference to this subject. We do not hold that such a correction in a mortgage would, under all circumstances, be sustained as against liens having their inception prior to the correction; but in this case, as the same is here presented, there is no showing to warrant our disturbing the finding and ruling of the trial court on that point.

The main question presented for our determination by this appeal relates to the ascertainment and determination of the relative rights of a lien claimant in and to the improvement alone, as against the holder of a prior existing mortgage on the land whereon the improvement was erected, and as to the right of severance of the improvement from the land by the lien claimant, as against the right of such prior mortgagee, under the provisions of our statute in that regard.

Having passed beyond the point as to correction of said mistake in the mortgage, we have here a case wherein plaintiff is mortgagee of the premises, under a mortgage executed and delivered to secure payment of seventeen thousand dollars and interest, evidenced by promissory note, which mortgage was recorded prior to the commencement of the improvement on the same premises. After execution, delivery, and recording of the mortgage, the mortgagor undertook the erection of an opera-house on said premises of large dimensions, involving great cost. Through the construction of said building, certain

claims arose in favor of parties furnishing labor and material therefor, which claims, by compliance with the provisions of the statute, were applied as liens thereon.   These liens were in due course foreclosed by action against the proprietor of said premises and building, in which action, however, plaintiff, as holder of the prior mortgage, was not joined as a party. Under a decree foreclosing such liens, all right, title, and interest of the mortgagor and proprietor in the premises—both building and land—were sold, and purchased by such lien claimants, through which sale, after several redemptions by lien claimants, in order of succession, appellant succeeded to the rights of such lienors and their certificates of sale under their foreclosure decrees, respectively, and, by virtue thereof, obtained deed of all right, title, and interest of the proprietor in and to the premises, subject, of course, to the mortgage existing on the land prior to the accruing of the lien claims through the erection of said improvement.   Thereafter, this action was instituted by said mortgagee to foreclose its mortgage, wherein appellant, being made a party, by his answer sets up the acquirement of title by foreclosure and sale of the improvement and of the proprietor's interest in the land, to enforce said liens, and seeks to have the mortgage restricted, by decree foreclosing it, to the land alone, and make available to appellant said improvement as security for payment of labor and material involved in the erection thereof.

The trial court held defendant's right and title in said premises, acquired through said liens, both as to the improvement as well as the land, subsequent and subject to the mortgage of respondent.   Appellant complains of this as being contrary to the provisions of the statute applicable to the facts shown by the pleadings and findings, and by this appeal brings into consideration the question whether the decree of the trial court, in view of the provisions of the statute on the subject and the facts shown, has properly adjusted and preserved the rights of these parties in and to said premises.   In short, the question is whether, under such conditions, the holder of the deed obtained through sale of the proprietor's interest in the premises under foreclosure of the lien on the building, as well as all right, title, and interest of the proprietor in the land, may, as

against the holder of the prior mortgage, when such mortgage is foreclosed, be allowed to sever the improvement from the land.

At this point it is well to bring into view the statute bearing upon this subject. The liens through which appellant claims the entire right to said building, precedent to any right or claim of the mortgagee therein, are provided for by chapter 82 of the Compiled Statutes, to protect those furnishing material or labor for erection of improvements on land; and, touching the point here under consideration, it is provided in that statute that the lien shall extend to the entire interest of the proprietor to the extent of one acre of land, if outside of a city or town, and, if within a city or town, to the entire lot on which the improvement is made; and section 1375 provides that, when the interest owned in such land by the proprietor "is only a leasehold interest, the forfeiture of such lease for the nonpayment of rent, or noncompliance with any of the other stipulations therein, shall not forfeit or impair such lien so far as concerns the buildings, erections, and improvements thereon put by such owner or proprietor charged with such lien, but such building, erection, or improvement may be sold to satisfy said lien, and be removed within twenty days after the sale thereof, by the purchaser." This section, although not the one particularly relied on by appellant, is pointed to as showing that the tendency and spirit of the law is to hold the improvements subject to the lien, even to severance from the soil, if need be, as against rights therein superior to the right of the proprietor who caused the improvement to be made, in order to secure payment for the labor or material used in the erection thereof. But section 1376 is particularly relied on by appellant, and reads as follows: "The liens aforesaid for work shall attach to the buildings, erections, or improvements for which they were furnished, or the work was done, in preference to any prior lien, or encumbrance, or mortgage upon the land upon which said buildings, erections, or improvements have been erected or put; and any person enforcing such lien may have such building, erection, or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter." This

provision subjects the improvements to the claim of the lienor to secure payment for the labor or material used in the erection of the improvement, by right superior to that of the prior mortgagee.

Respondents do not dispute that such is the plain intendment of the statute, but contend that in this case the lien claimants lost the right of severance of the improvement, by not claiming the same, and having provision made therefor in the foreclosure and sale of the property under said liens, and thus availing themselves of such right by removal of the building, " within a reasonable time," which should have been fixed, as respondents contend, by the decree foreclosing said liens. In their foreclosure proceedings the lien claimants sought no such provisions, and none were made. Under their foreclosure proceedings they sold the property, both the building and the proprietor's interest in the land, together; and the purchaser thereof allowed the building to remain on said lots for some three years, until the mortgage existing prior to the inception of the liens was brought forward for foreclosure. Thereby, as respondents contend, the lien claimants lost their right of severance and removal of the improvement from the premises. But, with careful consideration of the conditions involved, and the law upon the subject, we are unable to find ground to maintain respondents' view.

By provision of the statute under consideration the improvement, and all right and estate therein, appear to be held aloof from the prior mortgage on the land for protection of the laborer, mechanic, and materialman, until their just claims for labor and material used in the erection and improvement are satisfied; and, to make this provision available to the lienor, the right of removal of the improvement "within a reasonable time" after sale is given. The law not only thus provides, but also attaches such lien to the proprietor's interest in the land. The proprietor has a right of redemption and right of occupancy of the premises until those rights are cut off by foreclosure of the mortgage. The lien claimant, in such a case, by foreclosure and sale, disposes of, and the purchaser succeeds to, not only the improvement, with right given by statute to sever and remove the same from the land, but also to the right of

the proprietor in the land and his right of occupancy thereof, subject, of course, to the mortgage existing thereon prior to the lien. Therefore, having succeeded to the rights of the proprietor in the premises, the lienor would seem to be entitled to remain in possession, with the improvement, until the prior mortgagee, by foreclosure, cuts off that right of possession of the land.

By virtue of statutory provision a lienor's right to the improvement is superior to that of the prior mortgagee, with right of severance and removal of the improvement from the land. But the lien claimant, through foreclosure and sale under his lien, having obtained, not only a right to the building, with right to sever and remove it if not redeemed from such sale under the lien, but having also acquired all right and interest of the proprietor in the land, subject to the prior mortgage, and consequently a right of possession of the land until that right of possession is cut off by foreclosure of the mortgage, it would seem that there is no ground to require such purchaser under the lien to move out of possession, with the improvement, until his right of possession is cut off by foreclosure of the prior mortgage. If he is required to straightway remove the building he would still be at liberty to return and occupy the premises, because he has the proprietor's right of possession and use of the land until the prior mortgage is foreclosed.

We are satisfied that the lienor in such a case ought not to remove the building until the period for redemption allowed by law to the proprietor, as well as the mortgagee (who, as to the improvement, may undoubtedly claim that all the proprietor's estate therein inures to his mortgage, subject to the lien claim), has expired. But after that period for redemption expires, how do the parties stand in relation to the premises? The purchaser under the lien foreclosure has acquired right to the improvement, with right to sever the same from the land, as between himself and the prior mortgagee, and also has acquired the right of possession of the proprietor in the land, until cut off by foreclosure of the mortgage. Considering these rights and relations of such parties it would seem reasonably to follow that, until the right of possession of the pur-

chaser is cut off through foreclosure proceedings, he has the proprietor's right of redemption, and ought to be allowed to stay there with his building, and redeem from the sale under the mortgage, if he can, and thus avoid removal of the building under such lien; but, if he does not see fit to take advantage of the right of redemption from the mortgage, his possession ought to give way at the point where the proprietor's right of possession would have ceased; and, his right to the building being superior to the prior mortgage, it would seem that the reasonable time within which the purchaser under the lien foreclosure should remove the building would be prior to the time when he must yield possession of the land to the mortgagee under his foreclosure proceedings. We find no other reasonable solution of the problem presented by this case, and this seems to be entirely reasonable and just, and in conformity with the provisions of the statute and the rights of the parties in the premises.

There was some argument questioning the policy of allowing the removal of a building in such a case, where the removal —as, for instance, of a brick or stone building—would involve great loss. It is a right given by statute which is here being enforced, and, although there would be some loss and expense attending the removal of such improvements, there can be no doubt that the material prepared for use in the building would be of considerable value. Even if there is some loss involved in the removal, is not justice better subserved by allowing the improvement to be taken to satisfy unpaid demands for labor and material used in the erection thereof, than that the same should go without recompense, and the improvement fall to the prior mortgagee, without satisfaction for the labor and material used in the erection thereof? In such a case there is preserved to the mortgagee all that his mortgage covered when the same was given. He, therefore, can hardly find ground for complaint. He also, as one interested in the property, is allowed the privilege to redeem from the lien claim and the foreclosure and sale thereunder, and hold the improvement subject to his mortgage. Moreover, the circumstances give him another advantage. He may at last buy the improvement from the purchaser under the lien, very likely for a

price far below its actual value, on account of the loss and expense attending its removal. But the demands of justice would seem to point in the very direction marked out by statute in such a case, by providing that the lien claimant shall not .be compelled to relinquish the improvement to the prior mortgagee or proprietor without recompense.

Appellant urges the further point that the counsel fees awarded for prosecuting the action to foreclose the mortgage are greater than the evidence warranted, and that the manner of inquiry pursued in adducing testimony on that point is not proper. The amount awarded is below five per cent of the demand secured by the mortgage. The testimony was to the effect that double the amount allowed would be reasonable. This testimony was elicited by counsel stating to witness, who was shown to be an attorney at law of ability and experience, the character of the case at bar, the amount involved, etc., and thereupon the witness stated what would be a reasonable fee to allow counsel for prosecuting the action. We agree with appellant's counsel that in such an inquiry it would be proper to ask the witness for what compensation a competent lawyer could be procured to prosecute such an action on behalf of his own client. But this might be done on cross-examination, and the court put into possession of testimony elicited from that point of view. This does not appear to have been done, nor was any testimony of that character excluded, so far as shown by the record. We also concur in the argument of appellant's counsel that in such cases courts should see to it that no exorbitant compensation is awarded to fall upon an already heavily burdened debtor, 'or upon redemptioners of the property in question. At the same time it is proper to consider that able counsel, called upon to so shape proceedings in court that good title may be thereby acquired to property of great value, should receive compensation adequate to such service. In this case the property is admitted to be of great value, and therefore great care and skill would naturally be desired to avoid loss by reason of defect in the proceedings, and the compensation adequate to that character of service and ability is no doubt proper. It is worthy of observation that the mortgage loan involved in this case, in cold cash, would, in the

period of six months, accrue, by way of interest at stipulated rate, as much as the counsel were awarded for services in these proceedings.   Altogether, we do not consider that in this case the award exceeds   what would be just and proper, in view of the amount involved, and the fact that the case has gone to the appellate court, and must return for further proceedings in the trial court.

The judgment must be modified so as to provide in favor of appellant or his representatives the privilege of removing said improvement in case he does not see fit to redeem the premises from the mortgage encumbrance resting upon the land, and that such right of removal must be exercised within the time allowed by law for such redemption, and in such manner and with such care as to work no unnecessary injury to said land or other appurtenances thereunto belonging, to the end that the purchaser under the mortgage foreclosure may be let into possession, as provided by law.   An order will therefore be entered reversing the judgment, with directions to the trial court to set aside the former sale, and proceed in the case according to the views herein expressed.

*Reversed.*

PEMBERTON, C. J., and DE WITT, J., concur.