MORROW, RESPONDENT, *v.* DAHL ET AL., DEFENDANTS;
THE HILBERT–THIEN CO., APPELLANT.

(No. 5,008.)

(Submitted January 26, 1923. Decided February 24, 1923.)

[213 Pac. 602.]

*Mechanics' Liens—Extent of Lien—Furnishing Materials Under One or More Contracts—Use of Materials in Building—Jury Questions.*

Mechanics' Liens—Absence of Title to Land in Lienee—Effect on Lien.
1.  A person selling materials to be used in the erection or remodeling of a building has a lien on the building independently of the land on which the same may be situate, and it is therefore immaterial to the validity of the lien that the purchaser did not have title to the land.

Same—Lienor Claiming Lien on Land not Subject Thereto—Validity of Lien on Building.
2.  The fact that a materialman who has a lien on a building only also claims a lien on land which he cannot subject thereto will not defeat his lien on the building.

Same—Material Furnished Under One or More Contracts—Use of Materials in Building—Jury Questions.
3.  Whether materials for a building upon which a lien is claimed were furnished under one contract or several, and whether they were used in its construction, were questions for the jury.

*Appeal from District Court, Golden Valley County; Geo. A. Horkan, Judge.*

ACTION by J. A. Morrow against Oscar Dahl, the Hilbert-Thien Company, and others. From a judgment for plaintiff, the company appeals. Affirmed.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Appellants, submitted a brief; *Mr. Groene* argued the cause orally.

The proof does not show that Oscar Dahl was the owner of the building, and even if it did, we contend that a lien cannot

---

1.  Mechanics' liens upon buildings distinct from land, see notes in 2 Ann. Cas. 689; 62 L. R. A. 369; L. R. A. 1917C, 1119.
3.  Materials furnished for structure, but not actually used therein, as basis of mechanic's lien, see notes 64 Am. Dec. 678; L. R. A. 1918D, 1041.

be enforced against buildings erected by one who has no interest whatsoever in the land upon which they were erected. Section 8339, Revised Codes 1921, gives the lien claimant a lien upon the property upon which the materials were° furnished, and section 8342 provides that the lien shall extend to the land if the same belonged to the person who caused the improvements to be constructed, and if his interest is less than a fee simple one, then only his interest is subject to the lien.

The supreme court of North Dakota in the case of *Gull River Lbr. Co.* v. *Briggs,* 9 N. D. 485, 84 N. W. 349, held under a statute almost identical, that the proper construction of the statute was that the person who contracted for the materials must have some interest in the land, and that while if his interest was defeated, upon that condition the lien might be exercised against the buildings; unless the person contracting had some interest in the land, the lien was not effective at all. This ruling was affirmed in *Green* v. *Tenold,* 116 Am. St. Rep. 638, 103 N. W. 398. (See, also, *Linden Inv. Co.* v. *Honstain Bros. Co.,* 221 Fed. 178; *Griffin* v. *Seymour,* 15 Colo. App. 487, 63 Pac. 809.)

The rule is, that unless the person against whom the claim for a mechanic's lien is made has some interest or estate in the land upon which the improvement is contracted, no lien attaches to the improvement as such. To the same effect are: *Belding* v. *Cushing,* 1 Gray (Mass.), 576; *Lang* v. *Adams,* 71 Kan. 309, 80 Pac. 593; *Eccles Lumber Co.* v. *Martin,* 31 Utah, 241, 87 Pac. 713; *Early* v. *Burt,* 68 Iowa, 716, 28 N. W. 35; *Wagar* v. *Briscoe,* 38 Mich. 587; 27 Cyc. 53; *Redman* v. *Williamson,* 2 Iowa, 488; *Reed* v. *Houston,* 12 Iowa, 35; *Monroe* v. *West,* 12 Iowa, 119, 79 Am. Dec. 525; *Williamson* v. *Shank,* 41 Ind. App. 513, 83 N. E. 641; *Stevens* v. *Lincoln,* 114 Mass. 476.

The supreme court of Missouri in the case of *Joplin Supply Co.* v. *West,* 149 Mo. App. 178; 130 S. W. 156, held the rule to be that when no special legislation exists providing for liens

where the buildings and land are not owned by the same party, the weight of authority is against the lien.

*Mr. M. J. Lamb* and *Messrs. Snell & Arnott*, for Respondent, submitted a brief; *Mr. Lamb* argued the cause orally.

Appellant contends that "the proof must show that the claim grew out of a contract with" the owner of an "estate recognized by statute as lienable." The cases cited simply hold that no lien attaches to the land without a contract between the lien claimant and the owner of the land. Appellant then concludes—"The rule being, that unless the person against whom the claim for a mechanic's lien is made has some interest or estate in the *land* upon which the improvement is contracted, no lien attaches to the improvement as such and cite several cases." The authorities cited by appellant do not support that rule except in so far as they adhere to the rule followed in some states that the lien attaches primarily to the real estate, as is stated by the court in *Wagar* v. *Briscoe*, 38 Mich. 587, cited by appellant, where the court held that under the statute of that state the lien attaches to the real estate and not to separate chattels; that the buildings could not be detached; and that a decree directing a sale and removal of the buildings was erroneous. In Montana, however, the rule has long been followed that the lien attaches primarily to the buildings and extends to the land only incidentally. (*Stritzel-Spaberg Lumber Co.* v. *Edwards*, 50 Mont. 49, 144 Pac. 772.) Where no attempt is made to charge the land with the lien it is not necessary that the claim of lien state the name of the owner of the land. (*Montana etc. Co.* v. *Obelisk Mining Co.*, 15 Mont. 20, 37 Pac. 897.)

There is no evidence that Anna K. Dahl had or claimed any interest in any of the property except the fact that a contract for lot nine (9) names her as purchaser. Could it be contended that that fact constitutes any evidence of title in

Anna K. Dahl to the buildings on lots eight (8) and nine (9), the appellant who claims to have succeeded to her interest in the lot should be estopped from claiming that the respondent could not assert any lien on the buildings.

In *Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 144 Pac. 772, it was contended that "without some title to the land in the one who purchases the material, there cannot be a lien." It was held that contention was not justified, that the lien is given primarily upon the buildings or structures and extends to the land only incidentally.

"If a husband contracts, in his own name, with the knowledge of his wife, for erection of a building on her land, and the work is carried on also with her knowledge and consent, she will be presumed to have constituted her husband her agent, and her property is liable to a mechanic's lien for such improvement, and she is estopped from denying the right to such a lien." (*Milligan* v. *Alexander,* 72 W. Va. 615, 79 S. E. 665; Boisot on Mechanics' Liens, par. 277; *Gebhard* v. *Short,* 10 Del. Ch. 353, 92 Atl. 253; *Boeckeler Lumber Co.* v. *Wahlbrink,* 191 Mo. App. 334, 177 S. W. 741; *Rand* v. *Parker,* 73 Iowa, 396, 35 N. W. 493; *Bartlett* v. *Mahlum,* 88 Iowa, 329, 55 N. W. 514; *Harris* v. *Graham,* 86 Ark. 570, 111 S. W. 984.) The same principle of estoppel should operate as against this appellant. It is in no better position to question the respondent's lien than was the defendant, Anna K. Dahl. Furthermore, as hereinbefore set forth, the appellant had full knowledge of the existence of respondent's lien at the time it acquired the interest of the Dahls in the property, and it did at that time expressly agree with the Dahls to assume and pay all claims against the property including respondent's lien. A person who has paid the consideration for land; though it is deeded to another, is the owner thereof so as to subject it to a lien. (*Anderson Lumber Co.* v. *Spears,* 25 S. D. 624, 127 N. W. 643.).

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action was brought by the plaintiff and respondent, J. A. Morrow, against appellant, the Hilbert-Thien Company, a corporation, and others, to foreclose a materialman's lien claimed by plaintiff on certain buildings situated within the town of Ryegate, now within Golden Valley county, Montana. The claim of lien was filed on June 22, 1916, being in statutory form. It is set out in the lien claim that plaintiff "made a verbal contract with Oscar Dahl," who was one of the defendants, "as the owner, to furnish the building material set out in the statement of account * * * attached, * * * the said material to be used in the erection and construction of garage and dwelling house for Oscar Dahl as the owner thereof," and which buildings were situated on certain lots in the said town of Ryegate. The statement is also made that Oscar Dahl was the owner of the land. As a matter of fact, the title to the lots was never in Mr. Dahl, though his wife, one of the defendants, Anna K. Dahl, had contracted to purchase one of them from the owner. Subsequent to the filing of the lien claim appellant acquired title to the lots. The work on the garage and certain sheds ·attached thereto was commenced in the early part of November, 1915, and probably completed in December of the same year. The work of enlarging the dwelling-house, which was originally a two-roomed house, purchased by Mr. Dahl and moved upon one of the lots, was begun a short time after the completion of the garage and sheds. The account with plaintiff was opened on November 2, 1915, by defendant Oscar Dahl. The plaintiff testified that at the time the account was opened he understood. that all the work was to be done before he would be entitled to payment for the materials. The account and testimony show that materials were supplied by plaintiff from time to time at ' frequent intervals up to and on February 25, 1916, and that the next items were furnished on April 3, 1916. The cause

was submitted to the court, sitting without a jury, findings of fact and conclusions of law were made, and a judgment and decree thereon was entered on September 21, 1921. The decree gave judgment to the plaintiff for the amount of his account with interest, and adjudged the plaintiff to have a lien on the building for the amount due, and for the materials purchased and used in the construction and remodeling thereof, and ordered the buildings sold to satisfy the judgment, providing for their removal by the purchaser. A motion for a new trial was made, and the motion was denied. The appeal is from the judgment and from the order overruling the motion for a new trial.

There are seventeen specifications of error, none of which are meritorious.

Under section 9396, Revised Codes of 1921, there being no showing of any proper grounds therefor, a new trial could not have been granted. There was therefore no error in overruling the motion.

Appellant strenuously contends that, by reason of the fact that the title to the land on which the buildings were erected was not in the purchaser of the building material, the plaintiff has no lien upon the buildings.

On the record before us we are of the opinion that it was [1,2] unnecessary for plaintiff to show title to the lot in either of the defendants Dahl. That a person selling materials to be used in the erection or remodeling of a building has a lien on the building independent of the land on which the same may be situate is too well settled by the decisions of this court to require discussion. (See *Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 144 Pac. 772; *Midland Coal & Lumber Co.* v. *Ferguson,* 61 Mont. 402, 202 Pac. 389.) It is, then, immaterial whether the person to whom supplies are sold for such use has title to the land or not. The mere fact that one who has a lien on a building claims also a lien on land which he cannot subject thereto will not defeat his lien on the buildings situate on the land, if they can be identified.

Appellant also contends that the testimony shows that the [3] account was kept as a monthly account, and that therefore the lien claim was not filed in time to perfect and maintain the lien as to any items except those purchased on the third day of April, 1916, and that in any event the April 3d purchases would not have the effect of keeping the account open so as to make it possible to file a claim of lien within ninety days therefrom. The contention is also made that the testimony fails to show that the materials were actually used in the construction operations. We are of the opinion that the argument is not well taken as to either of these propositions. The question whether or not the materials, commencing with the first item and ending with the last item, were furnished under one contract, and the question whether or not the same were actually used in the construction work, were both questions of fact. (See *Rogers-Templeton Lumber Co.* v. *Welch,* 56 Mont. 321, 184 Pac. 838.) There was direct testimony that both of these conditions prevailed, as well as other evidence from which their presence may be inferred. The plaintiff testified that he was not to be paid until all the buildings were completed, and the defendant Anna K. Dahl testified that all the materials purchased from the plaintiff were used for the construction of the buildings. There was no attempt to disprove either of these facts, and there is therefore no conflict in the testimony. Neither is there any evidence from which it may be inferred that such were not the facts.

In the view we take of the case, we cannot see how the trial court could have come to any other conclusion than that reached.

It is true that the court made findings concerning the interest of defendant Oscar Dahl, in the lots on which the buildings were situated, and concerning the knowledge of the appealing defendant, the Hilbert-Thien Company, as to the transactions; and there may be some ground for argument that there is not evidence to support the findings on those points. However, the findings were immaterial, and the presence or

66 Mont.—17

absence of the facts found therein would not affect the validity of the decree in any sense. The trial court correctly found that the defendant Oscar Dahl was indebted to the plaintiff in the amount sued for, and that the plaintiff had a lien on the buildings in question which was prior in right to any claim of the other defendants, and that plaintiff was entitled to have the buildings sold to pay his claim.

By the terms of section 9745, Revised Codes of 1921, an appeal from an order overruling a motion for a new trial is abolished.

We recommend, therefore, that the attempted appeal from the order overruling the motion for a new trial be dismissed, and that the judgment appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the attempted appeal from the order overruling the motion for a new trial is dismissed, and the judgment appealed from is affirmed.

*Affirmed.*

Rehearing denied March 26, 1923.