LOUIS, Plaintiff, *v.* THEATORIUM CO. ET AL., Defendants; NORTHWESTERN MUTUAL SAVINGS & LOAN ASSOCIATION, Respondent; THOMPSON YARDS, INCORPORATED, Appellant.

(No. 5,303.)

(Submitted October 31, 1923. Decided November 13, 1923.)

[222 Pac. 1062.]

*Mechanic's Lien — Extent of Lien — Mortgage — When Inferior to Lien—Appeal and Error—Defective Findings—Exceptions—When Unnecessary.*

Mechanic's Lien—Extent of Lien.

1. While a mechanic's or materialman's lien extends primarily to the building, if the land upon which it is erected "belongs" to (sec. 8342, Rev. Codes 1921), *i. e.*, is the property of, the person who causes the building to be constructed, the lien extends also to the land; but if the owner of the building loses title to the land, or if it is encumbered when work commences under the building contract, then the lien attaches to the building only.

Same—When Mortgage on Land Inferior to Lien.

2. Where title to the land and building erected thereon is in the person who causes the building to be constructed, and after commencement of the work of construction a mortgage is given on the land, the mortgage is inferior to a mechanic's or materialman's lien, for work done or materials furnished in the construction of the building.

Same—Date of Commencement of Work—Sufficient Showing.

3. Where it appears from the record on appeal in an action to foreclose a materialman's lien that the building for which the materials were furnished was in course of construction when a mortgage on the land was executed, and the lien attached to the pleadings showed that the claimant had delivered materials prior to the date of the mortgage, the contention that the record did not show when work was commenced is without merit.

Appeal and Error—Defective Findings—Exceptions.

4. The provisions of sections 9369 and 9370, Revised Codes of 1921, relative to the necessity of taking exceptions to alleged defective findings and their settlement by the trial judge, refer only to findings which are defective in the sense that they omit matters which are necessary or proper to be stated and not to what they contain, and therefore do not apply to a case where the court makes sufficient findings to warrant the relief prayed for but does not make the correct conclusions of law from the facts found.

2. Priority as between mortgage of property and mechanic's lien thereon, see notes in Ann. Cas. 1916B, 634, 667, 669, 672, 674.

[69 Mont. 50.]

*Appeal from District Court, Carbon County; A. C. Spencer, Judge.*

SUIT to foreclose a materialman's lien by S. A. Louis, doing business under the name of the Rialto Theatre Supply Company, against the Theatorium Company, a corporation, and others, in which defendant Thompson Yards, Inc., a corporation, filed a cross-complaint. From the judgment rendered, the cross-complaining defendant appeals. Judgment ordered modified, and as so modified affirmed.

*Mr. M. J. Lamb,* for Appellant, submitted a brief and argued the cause orally.

The appellant's lien extends to both the building and the land, although it attaches secondarily to the land on which the building is situated. (*Western Iron Works* v. *Montana etc. Paper Co.,* 30 Mont. 550, 77 Pac. 413; *Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 144 Pac. 772.) In the event the owner of the structure loses title to the land or in the event the land is encumbered at the time of the commencement of the erection of the structure, then the lien attaches to the structure only and upon foreclosure of the lien the purchaser at such foreclosure sale has the right to remove the structure. (Sec. 8344, Rev. Codes 1921; *Stritzel-Spaberg Lumber Co.* v. *Edwards, supra; Midland Coal etc. Co.* v. *Ferguson,* 61 Mont. 402, 202 Pac. 389; *Morrow* v. *Dahl,* 66 Mont. 251, 213 Pac. 602.) But where, as in this case, title to both the land and the structure is in the person who caused the building to be constructed, and subsequently to the commencement of work for the erection of the building a mortgage is given on the land and structure, that such mortgage is inferior to the lien of materialmen for materials furnished in the construction of the building is definitely and plainly determined by section 8342, and by judicial decision. (*Murray* v. *Swanson,* 18 Mont. 533, 46 Pac. 441; *Merrigan* v. *English,* 9 Mont. 113, 5 L. R. A. 837, 22 Pac. 454; *Johnson* v. *Puritan Min. Co.,* 19

Mont. 30, 47 Pac. 337; *Behrens Lumber Co.* v. *Larger,* 26 S. D. 160, Ann. Cas. 1913A, 1128, 128 N. W. 698, 702; *Kay* v. *Towsley,* 113 Mich. 281, 71 N. W. 490; *Goodwin* v. *Cunningham,* 54 Neb. 11, 74 N. W. 315; *Brooks* v. *Burlington Ry. Co.,* 101 U. S. 443, 25 L. Ed. 1057 [see, also, Rose's U. S. Notes]; *Sprague* v. *McDougal,* 172 Mass. 553, 52 N. E. 1077; *Nixon* v. *Cydon Lodge,* 56 Kan. 298, 43 Pac. 236; *Minneapolis Sash & Door Co.* v. *Hedden,* 131 Minn. 31, 154 N. W. 511; *Trustees Roman Catholic School* v. *McCann,* 246 Pa. 28, 91 Atl. 1051; *Henry* v. *Hand,* 36 Or. 492, 59 Pac. 330; *Houston Lumber Co.* v. *Wetzel etc. Ry. Co.,* 69 W. Va. 682, 72 S. E. 786; *Gabel Lumber Co.* v. *West,* 95 Neb. 394, 145 N. W. 849; 2 Jones on Liens, par. 1470; 27 Cyc. 343; 20 Am. & Eng. Ency. of Law, 2d ed., 473.)

*Messrs. Spalding & Shure* and *Mr. C. C. Rowan,* for Respondent, submitted a brief; *Mr. Rowan* argued the cause orally.

Neither the pleadings in this case, the evidence introduced, the findings of fact and conclusions of law nor the decree of the trial court bring appellant's lien within the purview of section 8324 of the Revised Codes of 1921, for it was not alleged in appellant's answer, nor in plaintiff's amended complaint, nor in any other pleading herein, nor is there any finding, that respondent's mortgage was made subsequent to the commencement of work on any contract for the erection of such building, structure or other improvement.

This section of our Codes does not make the lien prior to a mortgage made subsequent to furnishing of materials, and the only allegations in appellant's answer, and the only findings of fact of the trial court, were to the effect that materials were furnished by appellant prior to the date of respondent's mortgage.

The law of Montana as set forth in section 8342 is in accordance with the general rule as to mechanics' liens, which is: That mechanics' liens do not take priority from the time

when the particular lien claimant furnished labor or materials, but from the time of commencement of work on any contract for the erection of such building. (27 Cyc. 246, citing cases from Arkansas, Iowa, Kansas, Maryland, Michigan, Minnesota, Missouri, Montana, North Dakota, Pennsylvania, Texas, Wisconsin and United States decisions.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This action was brought by plaintiff to foreclose a materialman's lien on a theater building and the land on which the same was erected. The defendants in the action were Theatorium Company, owner of the land and building, Northwestern Mutual Savings & Loan Association, a mortgagee (for convenience hereafter referred to as the association), Thompson Yards, Incorporated, and others, claimants of mechanics' or materialmen's liens.

Thompson Yards filed an answer and cross-complaint, praying for a foreclosure of its lien "upon the said theater building, and upon the land and premises on which the same is located, for the sum found due this defendant," and for a decree directing that the lands and premises be sold under the order of the court, *etc.* The other defendants answered likewise, except that the association alleged that on September 25, 1919, the defendant Theatorium Company had executed to it, the association, two mortgages, one for $20,000 and one for $10,000, covering the land and the tenements, hereditaments and appurtenances thereunto belonging. These mortgages, it alleged, were superior to the liens of the defendants Thompson Yards and others.

The court made findings of fact, in which it found that the Theatorium Company at all times was the owner of the west fifty feet of lots 5 and 6 of block numbered 30 in the original town site of Red Lodge; that on or about June 20, 1919, Thompson Yards entered into an agreement with the Theatorium Company to furnish lumber and other building material

for the construction of a theater building situate upon the land above described; that pursuant to the agreement Thompson Yards furnished and delivered to Theatorium Company lumber and other building material for the construction of the building, covering the period from and including June 20, 1919, up to and including November 28, 1920; that the lumber and other building material so sold, furnished, and delivered by Thompson Yards to Theatorium Company was used and employed in and about the construction, erection and completion of the theater building; that on December 20, 1920, Thompson Yards filed its claim of lien upon the lands and premises described; that the sum of $4,238.11, with interest from December 20, 1920, was still due Thompson Yards from the Theatorium Company; that all of the material allegations of the answer and counterclaim of Thompson Yards are true; that the theater building situated on the land described was in the course of construction at the time the notes and mortgages executed by Theatorium Company to the association were executed and delivered; that all of the items set forth in the lien of Thompson Yards "attached to the buildings, structures and improvements on said real estate herein described, in preference to and prior to said mortgages."

In its conclusions of law the court found that the "Theatorium building is subject to the liens of said plaintiff and said defendants," and "said plaintiff and said defendants named in these conclusions of law as having liens are entitled to have execution issued and said Theatorium building sold to satisfy the amounts of the said several liens above specified, including attorneys' fees, costs and costs of filing the claims of said liens." In its decree the court adjudged the Theatorium building to be subject to the liens of plaintiff and defendants for the respective amounts due them; it further adjudged that all of the liens are prior to the mortgages of the defendant Northwestern Mutual Savings & Loan Association; "that the plaintiff and said defendants named as having liens are entitled to have execution issued and said Theatorium building

sold to satisfy the amounts of said several liens above specified.
\* \* \* '' The effect of the conclusions of law and the decretal provisions above mentioned is to confine Thompson Yards, as well as the other lien claimants, to the remedy provided by execution against the building and to deprive them of the right to have the land upon which the building is situated sold to satisfy their liens. The decree thus favors the association by leaving its mortgages upon the land free from the operation of the liens, except in so far as the land may be affected by the removal of the building therefrom. From this decree Thompson Yards has appealed.

Section 8342, Revised Codes of 1921, provides: ''The lien [1, 2] given extends to the lot or land upon which any such building, improvement, or structure is situated, \* \* \* to the extent of the whole lot or lots upon which the same is situated, if the land belonged to the person who caused said building to be constructed. \* \* \* The liens for work or labor done, or material furnished, as specified in this Chapter, shall be prior to and have precedence over any mortgage, encumbrance, or other lien made subsequent to the commencement of work on any contract for the erection of such building, structure, or other improvement.''

The Thompson Yards lien was for material furnished under a contract which was in operation before the mortgages were in being; the mortgages were executed and delivered subsequent to the commencement of the work on the contract for the erection of the theater. The lien therefore operated against the land as well as against the building. Had the mortgages been given prior to the commencement of work on the contract for the erection of the building, then a decree giving Thompson Yards a lien on the building only would have been correct. (Sec. 8344, Rev. Codes 1921.) It is true that the lien extends to the building primarily (*Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 144 Pac. 772), but if the land upon which the building is erected ''belongs'' to the person who causes the building to be constructed, the lien ex-

tends equally to the land. The word "belongs" as used in this statute means "is the property of"; read in connection with sections 8343 and 8344 the word "belongs" implies the ownership of title in the land. Section 8343 has to do with leasehold interests. If the owner of the building loses title to the land, or if it is encumbered when work commences under the contract then the lien attaches to the building only. (*Stritzel-Spaberg Lumber Co.* v. *Edwards, supra; Midland Coal & Lumber Co.* v. *Ferguson,* 61 Mont. 402, 202 Pac. 389; *Morrow* v. *Dahl,* 66 Mont. 251, 213 Pac. 602.) But where title to the land and building is in the person who caused the building to be constructed, and subsequently to the commencement of work upon the building a mortgage is given on the land the mortgage is inferior to the lien of a mechanic who has performed labor, or of a materialman who has furnished materials, for the construction of the building. (*Murray* v. *Swanson,* 18 Mont. 533, 46 Pac. 441; *Western Iron Works* v. *Montana Pulp & Paper Co.,* 30 Mont. 550, 77 Pac. 413.)

Counsel for the association attempt to obviate the force of [3] section 8342 and the authorities last cited by asserting that it cannot be ascertained from the record when there was a commencement of work. The record discloses that the building was in course of construction when the mortgages were executed. It also discloses that Thompson Yards had delivered to the Theatorium Company over $8,000 worth of lumber and cement which was used in the construction of the building before September 25, 1919, the date of the mortgages. This appears from the lien which is annexed to and made a part of the counterclaim of Thompson Yards, the allegations of which are undisputed.

Counsel for the association also say that Thompson Yards [4] is precluded from objecting to the provisions of the conclusions of law and decree because it did not challenge the findings as defective; and they attempt to invoke sections 9369 and 9370, Revised Codes of 1921. But counsel are in error, for, as was pointed out in *Cobban* v. *Hecklen,* 27 Mont. 245,

70 Pac. 805, these sections "have to do only with findings which are defective; that is, which omit matters necessary or proper to be stated. Exceptions thus provided for lie on account of deficiencies or omissions and not for what is contained in the findings." (*Yellowstone Nat. Bank* v. *Gagnon,* 25 Mont. 268, 64 Pac. 664.) Here the findings are not defective. On the contrary, they are sufficient to warrant the relief which defendant Thompson Yards asks. The difficulty does not result from a want of findings but by reason of the fact that the court did not make the correct conclusions of law from the facts found.

From what has been said it follows that the district court of Carbon county should be directed to modify its decree so that it will give to the defendant Thompson Yards a lien on both the building and the land upon which the same is situate, in preference to the mortgages mentioned above, and it is so ordered. When so modified the judgment shall stand affirmed.

*Remanded, with directions.*

Associate Justices Cooper, Holloway, Galen and Stark concur.