WYMAN, Respondent, *v.* HALL et al., Appellants.

(No. 6,430.)

(Submitted April 2, 1929. Decided April 27, 1929.)

[276 Pac. 944.]

*Mr. C. E. Collett* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Appellants, submitted a brief; *Mr. Collett* argued the cause orally.

*Messrs. Hildebrand & Warren,* for Respondent, submitted a brief; *Mr. Dewitt C. Warren* argued the cause orally.

574

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought to foreclose a mortgage, covering certain lands in Richland county, given to secure the payment of five promissory notes aggregating $2,300. The complaint is in the usual form.

Defendants answered, admitting the execution and delivery of the notes and mortgage, and alleging as an affirmative defense failure of consideration for the notes and mortgage; that the consideration for notes and mortgage was the execution and delivery by plaintiff to defendants of a warranty deed to the premises; that there was a breach of warranty contained in the deed in that a dwelling-house situated upon the premises at the time of its delivery was not owned by plaintiff; and that by reason thereof defendants have been damaged in the sum of $3,000. Issue was joined by reply.

The cause was tried by the court upon an agreed statement of facts, from which it appears: That on December 20, 1916, one Spainhoward was the owner of the lands in controversy; on that date, by contract in writing, he agreed to sell the same to defendant J. W. Hall, hereafter called defendant. The contract is the ordinary land contract and provides that upon the payment of the purchase price, Spainhoward will convey the lands to defendant by good and sufficient deed. On May 3, 1917, Spainhoward mortgaged the premises for $2,500; of this amount $500 has been paid. During the year 1921 defendant erected upon the premises the dwelling-house in question. Having failed to make payment for the materials used in the construction thereof, the Pathmann Mercantile Company duly filed its materialman's lien and thereafter filed an action to foreclose its lien; Spainhoward and defendant were joined as defendants and duly served with summons. On September 9, 1924, judgment of foreclosure was entered in favor of plaintiff in that action, impressing the materialman's lien upon the

dwelling-house. On March 7, 1925, the dwelling was sold by the sheriff to the above-named company in satisfaction of its judgment, and his return of sale made on March 23, 1925. On June 12, 1925, Spainhoward sold and conveyed the premises, by warranty deed, to plaintiff.

On June 26, 1926, an agreement in writing was entered into between plaintiff and defendant; under its terms all matters in issue between them arising out of the contract of sale between Spainhoward and defendant were fully settled; it was provided that plaintiff should convey the premises to defendant, by warranty deed, subject to the existing mortgage of $2,000; defendant agreed to execute and deliver to plaintiff five notes aggregating $2,300 and secure the same by mortgage on the premises. The agreement was fully consummated. The notes and mortgage delivered to plaintiff under the terms of the settlement agreement are the basis of this action. The deed to defendant is in the usual form and contains the usual covenants of warranty; no reservation of the dwelling-house upon the premises is contained therein.

From the agreed statement of facts it further appears: "That the dwelling on said premises cost and is worth the sum of $3,000, and at the time it was constructed was built upon a concrete foundation imbedded in the ground of said premises, and that at the time plaintiff herein gave his warranty deed, as grantor, to the defendants herein, as grantees, and the defendants executed the mortgage owned and held by the plaintiff to him, all of the parties knew all of the facts and circumstances concerning the proceedings had and done by the Pathmann Mercantile Company and its ownership of the said dwelling-house and its rights derived through said legal process and of the foreclosure and sale and its rights to remove the said dwelling house from the said premises."

Judgment was entered for plaintiff, from which defendants appeal.

It is contended by defendants that at the time of the execution of the deed, the dwelling-house was upon the lands con-

veyed, standing upon a concrete foundation imbedded in the soil, and, since no reservation was made in the deed, that it was a part of the realty and passed by the deed to defendants.

"The question, when does a chattel become a part of the realty, * * * is one most difficult of solution. It depends upon such a variety of considerations that every case must necessarily depend upon its own state of facts. There is no universal test whereby the character of what is claimed to be a fixture can be determined in the abstract." (*Eisenhauer* v. *Quinn*, 36 Mont. 368, 122 Am. St. Rep. 370, 14 L. R. A. (n. s.) 435, 93 Pac. 38.) And "the innocent purchaser or mortgagee who acquires an interest in the realty after the thing has been attached may be entitled to consideration not accorded to others." (*Montana Electric Co.* v. *Northern Valley Min. Co.*, 51 Mont. 266, 153 Pac. 1017.)

In this case, however, we are relieved of any difficulty which such a condition might present, for it is conceded that "all of the parties thereto knew all of the facts and circumstances concerning the proceedings had and done by the Pathmann Mercantile Company and its ownership of the said dwelling house and its rights derived through said legal process and of the foreclosure and sale and its rights to remove the said dwelling house from the said premises."

The law is settled in this state that where judgment in a lien foreclosure proceeding establishes a lien on the building alone, separate from the land, and orders it sold, as here, the purchaser thereof has a right to remove it within the time allowed by statute. (Sec. 8344, Rev. Codes 1921; *Stritzel-Spaberg Lumber Co.* v. *Edwards*, 50 Mont. 49, 144 Pac. 772; *Grand Opera House Co.* v. *Maguire*, 14 Mont. 558, 37 Pac. 607.) We are therefore of the opinion that upon the sale of the dwelling by the sheriff to Pathmann Mercantile Company, it was converted from realty to personalty, and in contemplation of law it was severed from the land.

Holding, as we do, that the dwelling was personal property, the next question presented is whether the parties intended that the dwelling-house should pass to defendant by the deed.

It is a general rule that a deed to realty does not pass title to personal property. (*Cheatham* v. *Head*, 203 Ky. 489, 262 S. W. 622; *Holmes* v. *Neill*, 96 Okl. 295, 222 Pac. 670; *Ball* v. *Streeter*, 225 Mass. 100, 113 N. E. 1034.) There is not anything in the deed to indicate that the parties intended that personal property—the dwelling-house—should pass; indeed, when the surrounding circumstances, as disclosed by the agreed statement of facts, are considered, we think it is manifest that no such intention existed at the time of the delivery of the deed. The dwelling-house was constructed by defendant while he was in possession of the premises under his contract with Spainhoward; his failure to pay for the materials used in its construction resulted in the materialman's lien, its foreclosure and sale of the dwelling to the Pathmann Mercantile Company; at the time of the execution and delivery of the deed he knew that the dwelling was the property of that company. The only cash consideration received by plaintiff was $2,300, while the dwelling-house is admitted to be of the value of $3,000, and defendants seek to establish an offset against plaintiff in this amount. This, we think, strongly indicates that it was not the intention of the parties that title to the dwelling should pass.

Under all of the circumstances it is clear that plaintiff did not intend to grant, and that defendant did not expect to receive, title to or an interest in the dwelling-house, which all parties knew was owned by and the property of another. (*Padden* v. *Murgittroyd*, 54 Mont. 1, 165 Pac. 913.)

The following authorities support the conclusion we have reached: *Sword* v. *Low*, 122 Ill. 487, 13 N. E. 826; *Robinson Co.* v. *Porter Co.*, 75 Wash. 181, 134 Pac. 811; *Blake-McFall Co.* v. *Wilson*, 98 Or. 626, 14 L. R. A. 1275, 193 Pac. 902; *Ball* v. *Streeter*, supra; *Cheatham* v. *Head*, supra; *Winnike*

v. *Heyman,* 185 Iowa, 114, 169 N. W. 631; *Triumph Electric Co.* v. *Patterson,* 211 Fed. 244, 127 C. C. A. 612; 11 R. C. L. 1081; 1 Thompson on Modern Law of Real Property, 272.

From what has been said it follows that the dwelling-house was personal property and title thereto did not pass by the deed from plaintiff to defendant.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.