MOCHON, respondent, *v.* SULLIVAN et al., appellants.

MECHANIC'S LIEN — *common law — possession.* At common law, the lien of a mechanic for labor continued during the time the property remained in his possession, and was lost as soon as he parted with its possession.

MECHANIC'S LIEN — *statutory remedy.* In this Territory, mechanics are entitled to liens for their labor under the statute, which makes them a charge upon the property for a certain period from the commencement of the labor, and the liens are not affected by the possession of the property.

MECHANIC'S LIEN — *proceedings in equity.* The lien of a mechanic is in the nature of an equitable right, and must be enforced according to the rules and principles of a proceeding in chancery.

STATUTORY CONSTRUCTION — *act relating to mechanics' liens — personal judgment.* The part of the act of the legislature "securing liens to mechanics," approved December 30, 1864, which authorizes the rendition of a personal judgment as at law, blends together law and equity in the same proceeding, and is void.

CASES AFFIRMED. The cases of *Gallagher* v. *Basey, ante,* 457, and *Woolman* v. *Garringer, post,* 535, holding that the blending together of law and equity is in conflict with the organic act, affirmed.

*Appeal from the Third District, Lewis and Clarke County.*

IN August, 1871, .the court, WADE, J., entered a decree in this action. The facts are stated in the opinion.

WARREN & SANDERS, for appellant Sullivan.
No brief on file.

SHOBER & LOWRY and E. W. TOOLE, for respondent.

Mechanics' liens attach from the time of the commencement of the building, and have priority over all incumbrances made thereafter. Acts 1865, 334, § 8; 1 Hill. on Real Prop. 492, § 40; *Mason* v. *Germaine, ante,* 263; *Dubois' Administrators* v. *Witson's Trustees,* 21 Mo. 213.

Appellant Sullivan is in default and had no right to appeal. The appeal is taken for delay and vexation, and the judgment should be affirmed with damages. Civ. Prac. Act, § 329; *DeWitt* v. *Porter,* 13 Cal. 171; *Nickerson* v. *California Stage Co.,* 10 id. 520.

MURPHY, J.   This suit was brought to foreclose a mechanic's lien against certain property described in the complaint of the defendant Sullivan, under an act of the territorial legislature, entitled "An act securing liens to mechanics and others," approved December 30, 1864, and was tried and determined in conformity with the provisions thereof.

John W. Reins, S. M. Hall, A. M. Woolfolk and Geo. W. Fox were also made parties defendant on the ground of interest, against all of whom, as well as defendant Sullivan, default was entered, except Reins, for whom S. H. Bohm interpleaded, alleging a prior lien by virtue of two several mortgages.

The cause was tried by the court, a jury being waived, and upon the pleadings, proofs and findings, a judgment was rendered in favor of the plaintiff against the defendant Sullivan, for $3,410, principal and interest, with interest at ten per cent per annum from date of judgment, and for costs taxed at $45.

There was also a special *fieri facias* ordered to issue to be levied upon the property aforesaid, if not sufficient personal property could first be found to satisfy said judgment and costs, and in that event the property was ordered to be sold and so applied, and the defendants barred and foreclosed from all equity of redemption.

And from the judgment-roll the defendant Sullivan appeals to this court.

The only matters that are necessary for us to consider here, are the character of the action and the nature of the judgment, decree or final order to be entered.

And these questions involve, to some extent, the construction of the statute referred to.

The mechanic's lien is derived from the principle of the lien on personal property at common law, and is based upon statutory enactment in the different States and Territories.

It is remedial in its character, rests upon the broad foundation of natural equity and commercial necessity.

It is not a common-law right, but simply a creature of the statute, and differs in some respects from all other liens known to the law.

Under the common law, a lien only exists while the party continues in possession of the property upon which he has bestowed his labor, for by parting with possession he shows that he thereafter trusts to the personal credit of his debtor.

But to the validity of this lien no possession is necessary, for it is a charge upon the property in the hands of the owner, and when it once attaches, it relates back to and takes effect from the commencement of the labor or appropriation.

It continues, without either form or notice, for a certain period according to the statute, and then is kept alive by the act of the party and judicial process.

It is not a general, but a particular lien, and is in its nature peculiar and of an equitable character.

The doctrine upon which it is founded is upon the consideration of natural justice, that the party who has enhanced the value of property, by incorporating therein his labor or materials, shall have a preferred claim on said property for the value of said labor or materials.

The foundation of the suit to enforce it arises only by virtue of an express or implied contract with the owner, and the proceedings to some extent resemble and are somewhat in the nature of proceedings in rem.

The theory of the lien is, that the party by whom the labor is performed or materials furnished for the erection or repair of buildings, on credit, retains his claim to them after they have entered into the structure and become inseparably connected with it.

The object of the statute is to create and preserve ample security to the laborer or material man, and, therefore, to charge the estate with a lien, or incumbrance, independent of any personal remedy he may have.

The artificer or business man acquires a qualified property in the thing upon which he has bestowed his time and labor, or into which he has incorporated his materials. The very principle upon which his right is grounded comes from the increased value of the property he has brought about, by the accession of his labor or materials, and is purely an equitable one.

And the owner thus benefited holds his property subject to and liable for this equitable claim, which grows out of and depends upon this enhanced value of his interest. We are of opinion that this lien, being an equitable right, or in the nature of an equitable right, must be enforced in conformity to the established rules and principles governing proceedings in chancery. We hold, therefore, that in so far as the mechanics' lien law of this Territory authorizes the rendering of a personal judgment as at law, it blends law and equity together in the same proceeding, is in contravention of the organic act, is in conflict with the doctrine laid down by this court in the case of *Gallagher et al.* v. *Basey et al.*, decided at the last term, and of *Woolman et al.* v. *Garringer et al.*, by which it was re-affirmed at the present term, and is void and of no effect.

The case is remanded, and the judgment is modified in conformity with the order made at the last term.

It is ordered that the decree of the court below in this case be so modified as to make void the personal judgment against defendant Sullivan; and in favor of Mochon, for the amount of mechanic's lien on the premises, and that after sale of the premises judgment be rendered in favor of plain-

tiff and against defendant Sullivan for any deficiency, after such sale, and that the decree provide that the sheriff be appointed special master commissioner to make sale of said premises, and that the decree, when modified as herein specified, be and the same is hereby confirmed.