HAROLD BECK ET AL., PLAINTIFFS AND RESPONDENTS, *v.* GREG-
ORY L. HANSON ET AL., DEFENDANTS AND APPELLANTS.

No. 14140.
Submitted Oct. 17, 1978.
Decided Jan. 15, 1979.
589 P.2d 141.

Garlington, Lohn & Robinson, Missoula, George D. Goodrich (argued), Missoula, for defendants and appellants.

Milodragovich, Dale & Dye, Missoula, Harold V. Dye (argued), Missoula, for plaintiffs and respondents.

MR. JUSTICE SHEA delivered the opinion of the Court.

This is an appeal by the Southside National Bank of Missoula from the judgment of Missoula County District Court, sitting without a jury. The judgment decreed that respondents, Edwin Anderson and A. L. Anderson, may satisfy their mechanic's lien for masonry work performed on certain previously unimproved real property from the proceeds of a sheriff's sale of all improvements currently located thereon. Southside National Bank of Missoula had been beneficiary of two trust indentures encumbering the unimproved parcels and later became purchaser of the improved parcels at a trustee's foreclosure sale, pursuant to the Small Tract Financing Act, section 52-401 et seq., R.C.M.1947.

■ In this appeal the Bank contends that as purchaser at the trustee's foreclosure sale, it took the realty free of the Andersons' mechanic's lien. We hold however, that mechanics' liens take priority over the rights of a purchaser at a trustee's foreclosure sale as to improvements constructed after the grant of a trust indenture. Accordingly, we affirm the judgment of the District Court.

The facts show that Richard Oien, a builder, borrowed a sum of money from the Southside National Bank to finance construction of two duplexes on unimproved lots in the Fairviews area of Missoula, Montana. As security for the loans, he gave two trust indentures.

Oien acted as his own prime contractor for the project, hiring others to perform specialty work. Plaintiffs, A. L. and Edwin Anderson, constructed driveways, sidewalks and steps for the duplexes. Oien never paid the Bank, his laborers or materialmen.

A number of mechanics' liens were filed against the property and the Bank started procedures to foreclose under the trust indentures.

This action was instituted on July 1, 1975, by Harold Beck d/b/a Western Door Company. Named as defendants were Oien, the Southside National Bank and its trustee, Gregory L. Hanson, and all other mechanic's lien claimants.

On July 10, 1975, the property was sold under the trust indenture by trustee foreclosure sale. The purchaser at the foreclosure sale was the Southside National Bank. Beck's attorney appeared at the sale and gave notice of the pending suit to foreclose the mechanics' liens.

After all parties had been served, each of the mechanic's lien claimants filed cross-claims on their respective accounts against the contractor-owner. The Bank thereafter made several motions to dismiss on the ground that the trust indentures had priority over subsequent mechanics' liens. The motions were denied on July 8, 1976. Mechanic's lien claimants then moved for summary judgment on the issue of liability and the Bank moved for summary judgment on the same grounds previously stated in its motion to dismiss. On January 10, 1977, the Court granted plaintiffs' motion ruling that the "mechanics' liens of the Plaintiffs are a prior secured interest in the real property . . . to the extent that material and labor were furnished by the Plaintiffs for the construction of the improvements upon the property."

The Bank settled with all the lien claimants except for the respondents, A. L. and Edwin Anderson.

Trial on the Andersons' claim occurred June 20, 1977. Anderson testified to the work done (laying steps, walks, and driveways), the time it took (October 25, 1974 to November 8, 1974) and the agreed price ($995.00). He testified that Oien's $995.00 check bounced and that his mechanic's lien was duly perfected. The District Court ultimately awarded the Andersons the $995.00 sued on, interest from December 6, 1974, costs and attorney's fees.

On appeal the Bank raises two issues for our review:

1. Whether a trust indenture has priority over a subsequently

filed mechanic's lien for labor or materials utilized in the construction of improvements which were constructed after the grant of the trust indenture?

2. Whether a mechanic's lien claimant who is foreclosing his lien for improvements is limited to removing and selling only that portion of the improvements for which he supplied labor or materials?

The priority of mechanics' liens is set forth in section 45-506, R.C.M.1947:

". . . *Priority of lien over mortgage or other liens.* The liens attach to the buildings, structures, or improvements for which they were furnished or the work was done in preference to any prior lien, encumbrance, or mortgage upon the land upon which said buildings, structures, or improvements are erected; and any person enforcing such lien may sell the same under execution, and the purchaser may remove the property sold within a reasonable time thereafter."

On the other hand, section 52-410(3), R.C.M.1947, describes the nature of the interest passing to the purchaser at a trustee's sale as follows:

". . . The trustee's deed shall operate to convey to the purchaser, without right of redemption, the trustee's title and all right, title, interest and claim of the grantor and his successors in interest and of all persons claiming *by, through or under* them, in and to the property sold including all such right, title, interest and claim in and to such property acquired by the grantor or his successors in interest subsequent to the execution of the trust indenture." (Emphasis added.)

While the legislature amended the provisions relating to foreclosure of mortgages, sections 93-6005, -6006, -6007, R.C.M.1947, to accommodate the Small Tract Financing Act in 1963; no reference was made to the mechanic's so-called "super priority lien", section 45-506, R.C.M.1947 (above). The legislature did provide that a trust indenture for certain purposes has the status of a mortgage on real property. Section 52-417, R.C.M.1947, provides:

*"Trust indenture deemed to be mortgage on real property.* A trust indenture is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of this act, in which event the provisions of this act shall control. For the purpose of applying the mortgage laws, the grantor in a trust indenture is deemed the mortgagor and the beneficiary is deemed the mortgagee."

Each party relies on this statute as supporting his position.

The bank relies strongly on its construction of the words "by, through or under" in section 52-410(3), R.C.M.1947 (above). It views the relationship between the mechanic and the landowner as resting solely in contract, a debt owed by the person *under* and for whom the work was done. It fortifies this argument with the declared policy of the Small Tract Financing Act:

". . . Because the financing of homes and business expansion is essential to the development of the state of Montana, and because such financing, usually involving areas of real estate of not more than fifteen (15) acres, has been restricted by the laws relating to mortgages of real property, and because more such financing of homes and business expansion is available if the parties can use security instruments and procedures not subject to all the provisions of the mortgage laws, it is hereby declared to be the public policy of the state of Montana to permit the use of trust indentures for estates in real property of not more than fifteen (15) acres as hereinafter provided." Section 52-402, R.C.M.1947.

We note however, that the policy underlying the mechanic's lien laws is equally compelling:

"[The mechanic's lien] is remedial in its character, rests upon the broad foundation of natural equity and commercial necessity.

". . .

"The doctrine upon which it is founded is upon the consideration of natural justice, that the party who has enhanced the value of property . . . shall have a preferred claim on said property . . ." *Machon v. Sullivan* (1871), 1 Mont. 470, 472.

In determining if the legislature intended to further the announced policy of the Small Tract Financing Act by eliminating mechanic's lien priority under section 45-506, the Court must balance these competing policies. In *Hammer v. Chapin* (D.Mont. 1966), 256 F.Supp. 818, the Federal District Court was faced with similarly competing policies and preferred the mechanic's lien over the security of a federal Small Business Administration mortgage. See Note, 28 Mont.L.Rev. 117-21 (1966). The court's ruling was supplemented by the observation that the mortgagee is in a better position to protect himself than the mechanic. *Hammer v. Chapin*, supra at 821. It is for this observation that the case is frequently cited. See *Hayden v. Prevatte* (D.S.Car.1971), 327 F.Supp. 635, 638; *Ault v. Harris* (D.Alaska 1968), 317 F.Supp. 373, 376. In the instant case, the bank was free to protect itself under the trust indentures by withholding funds to the extent of the contemplated improvements or by requiring the grantor to obtain lien waivers from mechanics or materialmen. 53 Am.Jur.2d *Mechanics' Liens* § 334.

 Nor do we believe that one asserting a mechanic's lien claims "by, through or under" the grantor of the trust indenture. *Hammer v. Chapin*, supra at 819-820, rejected the argument that a mechanic's lien is solely dependent upon a contract. Nor do the cases cited and quoted by the Bank support the Bank's position. *Dewey Lumber Co. v. McQuirk* (1934), 96 Mont. 294, 30 P.2d 475; *Interstate Lumber Co. v. Rider* (1933), 93 Mont. 489, 19 P.2d 644; *Missoula Mercantile Co. v. O'Donnell* (1900), 24 Mont. 65, 60 P. 991; *Johnson v. Puritan Mining Co.* (1896), 19 Mont. 30, 47, P. 337. Though the cases cited tend to establish the necessity for privity between the mechanic's lienor and the landowner, or that enforcement of the lien is against structures (not land), they do not substantiate the Bank's contention that a mechanic's lien depends *solely* on the grantor's contract. The Bank's argument is fundamentally inconsistent with the historical character of the mechanic's lien remedy. It is a creature of statute, remedial in nature, with its foundation in equity and natural justice, not contract. Note, *Mechanics' Liens in Montana*, 18 Mont.L.Rev. 53 (1956).

The Bank argues that foreclosure of Anderson's mechanic's lien effectively amounts to the exercise of a right of redemption, contrary to the nature of a trust indenture. Section 52-410(3), R.C.M. 1947. It is true that use of the trust indenture avoids the insecurity associated with purchase of a deed at mortgage foreclosure sale, i. e. mortgagee's potential exercise of right of redemption. Section 93-6006, R.C.M. 1947. We do not believe, however, that a trust indenture and mechanic's lien can be compared in this manner. They are distinctly unrelated, apply to different subject matter and use different procedures and qualifying standards.

According to the Bank, the mechanic's remedy is contained in section 52-412, R.C.M. 1947, under which arrearages (plus costs, expenses and fees) can be paid by the mechanic and the trust indenture reinstated. Far from being a remedy, this course is a trap. In practice it would require the expended lien claimant to redeem the landowner's default without authority for repayment. Once the indenture was reinstated, the mechanic would be in a more precarious financial position than before the default.

The Bank ultimately argues that the Small Tract Financing Act abrogated mechanics' liens as applied to structures located on property subject to a prior secured trust indenture. While this would certainly encourage investment by the banking community, it would also severely dampen the security of the construction trade, left empty-handed after their labor and material were expended.

Considering the rights affected, competing policies, and potential consequences to be suffered, we uphold the District Court's judgment that a mechanic's lien for improvements constructed after the grant of a trust indenture has priority over the interest of a purchaser at trustee's foreclosure sale. This result does not, as argued by the Bank, portend disaster for the beneficiary of a prior secured trust indenture; it merely requires the beneficiary to exercise ordinary business prudence where construction is contemplated.

As its last attempt to lessen the security of a mechanic's lien,

the Bank contends that the cement work was separate and unattached to that of the other contractors and should therefore be the only property removed and sold to satisfy their mechanic's lien. The District Court however, found otherwise. It considered Andersons' cement work to be part of a general contract for Oien. We note moreover, that sections 45-504 and 45-506, R.C.M.1947, merely limit the mechanic's lien to that interest held by the person who caused the construction to be furnished when the work was begun. See, *Soliri v. Fasso* (1919), 56 Mont. 400, 185 P. 322. Thus, Andersons' lien would extend to the structures concurrently constructed and Oien's equitable interest in the land.

Section 45-504, establishes the priorities as between mechanic's lien claimants based on their time of filing. Mechanics' liens "filed within thirty days after the filing of the first lien . . . share equally pro rata, according to the amount of their respective liens, in the proceeds arising from the sale of such premises upon the foreclosure of such liens." Section 45-504. Later filed liens share pro rata in the remaining proceeds. It would contravene these statutorily prescribed priorities to limit Andersons' foreclosure to the particular improvement they constructed.

■ Clearly, respondents' cement work fits within the definition of a fixture:

". . . *Fixtures.* A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent as by means of cement, plaster, nails, bolts, or screws." Section 67-209, R.C.M.1947.

Since fixtures are part of the building, the lien extends to them. *Bartholomew v. James* (1926), 76 Mont. 359, 246 P. 771. Marginal clearance between the cement blocks is of no consequence. See, *Cascade Elect. Co. v. Assoc. Creditors, Inc.* (1950), 124 Mont. 370, 376-377, 224 P.2d 146, 150; *McCormack v. Bertschinger* (1925), 115 Or. 250, 237 P. 363.

The Bank argues it is inequitable to permit the sale of structures

worth many times the value of the Andersons' mechanic's lien to satisfy their lien. This could be cured by the simple act of the Bank paying the mechanic's lien claim of the Andersons.

Finally, the Andersons seek an award of attorney's fees for defending this appeal. Section 93-8614, R.C.M.1947, provides for award of attorney's fees to a claimant in a mechanic's lien foreclosure action "in the district and supreme courts." This Court has examined counsel's affidavit detailing time expended in defense of this appeal and regards the fee of $750.00 as reasonable and adequately documented, and that amount is hereby awarded.

The District Court's judgment is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, HARRISON and SHEEHY concur.