No. 83-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

HOME INTERIORS, INC., a Montana
Corp.,

        Plaintiff and Appellant,

  -vs-

ROBERT E. HENDRICKSON, an individual,
and SECURITY PACIFIC MORTGAGE CORP.,
a Colorado corp.,

        Defendants and Respondents,

  and

PIERCE FLOORING, a Montana corp.,

        Defendant and Appellant.


APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Douglas G. Harkin, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Snavely & Phillips; Donald V. Snavely argued for Home
        Interiors, Missoula, Montana
        Worden, Thane & Haines; Patrick G. Frank argued for
        Pierce Flooring, Missoula, Montana

    For Respondent:

        Hendrickson & Everson; Mark E. Noenning argued for
        Hendrickson and Security Pacific Mortgage Corp.,
        Billings, Montana


                       Submitted:  October 9, 1984

                       Decided:  December 21, 1984

Filed:  DEC 21 1984

                 _Ethel M. Harrison_
                      Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal involves the question of priority between a trust indenture and subsequent mechanics' liens. Appellants claim their mechanics' liens should be given priority over respondents' trust indenture and assert error in the District Court's grant of summary judgment in favor of respondents and in the award of attorney's fees and costs to respondents.

We reverse the judgment of the District Court.

## Issues

(1) Whether the lien claimants take precedence over a prior recorded trust indenture under section 71-3-502, MCA.

(2) Whether the District Court erred in ruling there exist no issues of material fact in view of the question of severability of the lienholders' improvements.

(3) Whether the District Court erred in its award of fees, or in the alternative, in the amount of fees awarded.

## Facts

Rodney and Titut Jones were in the business of buying old homes, remodeling them, and then selling them for profit. On July 26, 1979, the Joneses entered into a buy/sell agreement with Purdon Anderson for the purchase of an older residence at 2223 South 3rd West in Missoula. Among other things the buy/sell provided for a purchase price of $50,000, the Joneses to obtain an FHA insured loan in the amount of $48,950 to fund the purchase price and a provision that Anderson would loan back to the Joneses $19,000 of the purchase price for the purpose of constructing improvements on the property.

After execution of the buy/sell agreement, the Joneses applied to Charter First, an Oregon mortgage company, for a $48,950 loan. The loan with Charter First was closed on October 18, 1979 and to secure the loan the Joneses executed a first trust indenture against the house in favor of Charter First. One day after closing the loan, Charter First assigned the subject note and first trust indenture to Security Pacific, respondent herein.

The Joneses contracted with Home Interiors Inc., appellants herein, for installation of carpet and pad for a cost of $1,106. The Joneses also contracted with Pierce Flooring, defendant/appellant herein, for installation of subflooring and linoleum for a cost of $657.75. The Joneses paid nothing to Home Interiors and on April 15, 1980, Home Interiors filed a mechanics' lien against the house. The Joneses paid only $100 to Pierce Flooring so Pierce filed a mechanics' lien on March 25, 1980.

About a year after closing the Charter First loan, the Joneses defaulted. On December 12, 1980, Security Pacific requested the trustee, Hendrickson, to record Notice of Trustee's Sale setting a public foreclosure sale for April 22, 1981, at the Missoula County Courthouse.

On January 12, 1981, counsel for Home Interiors advised Security Pacific by letter of its mechanics' lien. By that same letter Security Pacific was also advised that Home Interiors claimed priority of its mechanics' lien over the trust indenture, and that Home Interiors expected to be paid from the foreclosure sale proceeds for its lien.

At the time of the foreclosure sale, counsel for Home Interiors served Hendrickson with the summons and complaint in this action. Security Pacific purchased the house at the

3

foreclosure sale, bidding the amount still owing by the Joneses.

The District Court found Security Pacific's trust indenture took priority over the mechanics' liens and the foreclosure sale eliminated those liens from the property. The District Court also held Security Pacific was entitled to recover its attorneys fees and awarded $7,378.66 to Security Pacific.

## Priority

Title 71, Chapter 3, Part 5 of the Montana Code Annotated is devoted to mechanics' liens. More specifically section 71-3-502(4), MCA addresses the issue of priority of a mechanics' lien in preference to prior liens or encumbrances:

> "(4) The liens attach to the buildings, structures, or improvements for which they were furnished or the work was done in preference to any prior lien, encumbrance, or mortgage upon the land upon which said buildings, structures, or improvements are erected; and any person enforcing such lien may sell the same under execution, and the purchaser may remove the property sold within a reasonable time thereafter." (Emphasis added.)

In this case we are dealing with the issue of whether a mechanics' lien may take priority over a trust indenture. Section 71-1-305, MCA reads as follows:

> "A trust indenture is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of this part, in which event the provisions of this part shall control. For the purpose of applying the mortgage laws, the grantor in a trust indenture is deemed the mortgagor and the beneficiary is deemed the mortgagee."

4

Appellants and respondents agree the appropriate interpretation of these two statutes is found in Beck v. Hansen (1979), 180 Mont. 82, 589 P.2d 141. In Beck, a builder gave two trust indentures as security for money borrowed to finance construction of two duplexes on unimproved land. Beck was a subcontractor on the project and, along with the other subcontractors, was not paid for his material or labor and as a result filed a mechanics' lien against the property. The builder also failed to pay the bank and consequently the bank started the process of foreclosure on the trust indentures. At the foreclosure sale the bank purchased the property for the amount of the builder's outstanding indebtedness. Beck's attorney appeared at the sale to serve the bank with notice of the pending suit to foreclose the mechanics' liens. The bank then moved to dismiss the suit contending its trust indenture had priority over the subsequent mechanics' liens. The district court eventually ruled the mechanics' liens were a prior secured interest in the realty to the extent that material and labor were furnished by the lien claimants for the construction of the improvements upon the property. The bank appealed and this Court affirmed.

The statutes involved in the Beck case were identical to those involved in the instant case. Justice Shea, writing for the majority, held "that a mechanics' lien for improvements constructed after the grant of a trust indenture has priority over the interest of a purchaser at trustee's foreclosure sale." Beck, supra at 144. Justice Shea argued the bank was in the better position to protect itself either "by withholding funds to the extent of the contemplated improvements or by requiring the grantor to obtain lien

5

waivers from mechanics or materials." Finally, Justice Shea reasoned: "this result does not . . . portend disaster for the beneficiary of a prior secured trust indenture; it merely requires the beneficiary to exercise ordinary business prudence where construction is contemplated."

We find no reason to distinguish the Beck case from the situation at hand. In both instances the holder of the trust indenture seeks to take advantage of the improvements provided by the lien claimants without compensation. We agree with appellants' reasoning that:

> ". . . the mortgage and mechanic each take priority as to the property relied upon or credited by them, that is, the mortgage takes priority as to the improvements existing at the time the mortgage was taken. The mechanic takes priority as to the improvements constructed thereafter and upon which the mortgagee did not rely."

We therefore hold the party having the greatest ability to protect its interests has the burden of exercising due care to prevent overreaching by an interested party. In this case respondent was in the best position to protect against non-payment by the landowner by either withholding funds to the extent of the contemplated improvements or by requiring the landowner to obtain lien waivers from the mechanics. We find no merit in respondents' argument that section 71-3-502(4) should be construed strictly to pivot on the words "upon the land." Such a narrow interpretation would defeat the purpose of the statute. We hold appellants' liens take priority over respondents' trust indenture.


## Severability

Since we have reversed the District Court as to the priority issue, we need not discuss the severability issue.

## Attorney Fees

The District Court awarded attorney fees to respondents relying on section 71-3-124, MCA. We have reversed the District Court on the issue of priority and we also reverse on attorney fees. Appellants have established the validity and the priority of their liens and accordingly shall recover costs and attorney fees pursuant to section 71-3-124, MCA.

We remand for determination of fees.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices