No. 89-408

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

AMERICAN FEDERAL SAVINGS AND LOAN
ASSOCIATION,

        Plaintiff and Appellant,

   -vs-

DENNIS SCHENK; PHYLLIS DIEHL; JOHN JEPSON;
TOWNSEND ELECTRIC, INC., UNITED STATES DEPARTMENT
OF TREASURY, INTERNAL REVENUE SERVICE; STATE OF
MONTANA, DEPARTMENT OF LABOR AND INDUSTRY,
UNEMPLOYMENT INSURANCE DIVISION; and STATE OF
MONTANA, DEPARTMENT OF REVENUE,

        Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,
                In and for the County of Broadwater,
                The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jock O. Anderson argued; Gough, Shanahan, Johnson &
        Waterman, Helena, Montana

    For Respondent:

        John T. Flynn argued, Townsend, Montana
        R. Bruce McGinnis, Dept. of Revenue, Helena, Montana
        David Scott, Dept. of Labor & Industry, Helena, Montana
        Kris A. McLean, Asst. U.S. Atty., Helena, Montana
        Charles A. Graveley, Helena, Montana

Submitted: January 11, 1990

Decided: January 30, 1990

Filed:

'90 JAN 30 PM 2 11 FILED ED ... CLERK MONTANA SUPREME COURT

                    Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

American Federal Savings and Loan Association appeals from an order of the District Court for the First Judicial District, Broadwater County, granting summary judgment in favor of Townsend Electric, Inc. We reverse and remand.

Dennis Schenk borrowed $80,000 from appellant American Federal Savings and Loan to purchase the Commercial Bar in Townsend. Schenk executed a promissory note secured by a deed of trust recorded February 28, 1984, in favor of appellant. Subsequent to its completion of remodeling and electrical work on the Commercial Bar, respondent Townsend Electric perfected a mechanic's lien on April 26, 1985. None of the proceeds of appellant's loan were used as payment for respondent's improvements.

Appellant filed its complaint on November 27, 1987, seeking, among other things, foreclosure of the deed of trust. Respondent asserted as an affirmative defense the priority of its mechanic's lien. Both appellant and respondent moved for summary judgment and after hearing on May 19, 1989, the District Court entered judgment in favor of respondent on June 22, 1989. Appellant raises the following dispositive issue on appeal: Did the District Court erroneously conclude that respondent's mechanic's lien has priority over appellant's prior recorded deed of trust?

Appellant contends that mechanic's liens have priority over mortgages only when improvements are severable from real property citing as authority for its contention Interstate Lumber Co. v.

Rider (1933), 93 Mont. 489, 19 P.2d 644 and § 71-3-502(4), MCA (1985). Rider borrowed funds with which to renovate a building located on real property owned by him. Interstate Lumber, 19 P.2d at 645. First and second mortgages secured the loans. Interstate Lumber, 19 P.2d at 645. Interstate Lumber, from whom Rider obtained building supplies, attempted to foreclose on its materialman's lien when Rider failed to pay any part of his bill. Interstate Lumber, 19 P.2d at 645.

Although the materialman's lien statute was broadly interpreted and this Court found the remedy thereby provided equitable in nature, it held that the lien gave priority to the materialman only so far as the structure was concerned and did not extend to the land. Interstate Lumber, 19 P.2d at 646-47. Furthermore, unless the improvements were severable without "material damage" to the existing structure, the prior recorded mortgage still prevailed over the materialman's lien. Interstate Lumber, 19 P.2d at 647.

> The recorded mortgage gives to the materialman constructive notice of the existence of the lien, and he deals with the owner with knowledge that the house, as well as the land, is pledged as security for the payment of the mortgage debt.

Interstate Lumber, 19 P.2d at 647. The arguments propounded by the parties in this case presume the nonseverability of respondent's improvements.

Both appellant and respondent cite a trio of cases in support of their arguments. The first of the so called "trilogy" is Beck v. Hanson (1979), 180 Mont. 82, 589 P.2d 141. In Beck, the

3

landowner obtained a loan secured by two trust indentures, the proceeds of which were to be used to construct duplexes on a previously unimproved lot. Beck, 589 P.2d at 142. Neither the plaintiffs, who performed masonry work on the lot, nor the lender nor any other materialmen were paid. Beck, 589 P.2d at 142. In the subsequent foreclosure action, the lender moved for summary judgment claiming the previously recorded trust indentures had priority while the materialmen sought to enforce their mechanic's liens. Beck, 589 P.2d at 142. This Court affirmed the District Court's ruling that the mechanic's liens were "a prior secured interest in the real property . . . to the extent that material and labor were furnished by the [materialmen] for the construction of the improvements upon the property." Beck, 589 P.2d at 142. Appellant contends Beck does not alter the rule set forth in Interstate Lumber: That a mechanic's lien has priority only to the extent of severable improvements.

Respondent on the other hand, contends that Beck stands for the proposition that a mechanic's lien takes priority over all the purchaser's rights at a trust indenture foreclosure sale thus giving the mechanic's lien priority over all encumbrances. Additionally, respondent argues a mechanic's lien is prior in right not only as to the severable improvements, but also as to concurrently erected structures and the owners' interest in the real property itself.

Balancing the competing policies behind the Small Tract Financing Act and the mechanic's lien statutes, this Court found

4

the beneficiary of the prior recorded trust indenture better equipped than the material supplier to protect its rights. Beck, 589 P.2d at 144. This Court upheld "the District Court's judgment that a mechanic's lien for improvements constructed after the grant of a trust indenture has priority over the interest of a purchaser at trustee's foreclosure sale." Beck, 589 P.2d at 144.

The second case in the trilogy is Home Interiors, Inc. v. Henderson (1984), 214 Mont. 194, 692 P.2d 1229. Buyers in that case, who customarily resold homes they had remodeled and improved, bought a home with proceeds of a loan secured by a trust indenture. Home Interiors, 692 P.2d at 1230. Subsequently, buyers engaged two materialmen to install carpet, linoleum and sub-flooring. Home Interiors, 692 P.2d at 1230. Buyers paid a minimal amount to one supplier, nothing to the other and defaulted on the loan one year later. Home Interiors, 692 P.2d at 1230. The District Court held the mechanic's liens lacked priority over the trust indenture and were thus eliminated by the foreclosure sale. Home Interiors, 692 P.2d at 1231. Reversing the lower court ruling, this Court found no reason to distinguish Home Interiors from Beck and:

> [T]herefore [held] the party having the greatest ability to protect its interests has the burden of exercising due care to prevent overreaching by an interested party. In this case [lender] was in the best position to protect against non-payment by the landowner by either withholding funds to the extent of the contemplated improvements or by requiring the landowner to obtain lien waivers from the mechanics. [It found] no merit in [lender's] argument that section 71-3-502(4) should be construed strictly to pivot on the words "upon the land." Such a narrow interpretation would defeat the purpose of the statute. [The Court

5

> held] appellants' liens [took] priority over
> respondents' trust indenture.

Home Interiors, 692 P.2d at 1232.

Where the plaintiff-materialman filed suit to foreclose its mechanic's lien naming the lender as defendant by virtue of its mortgage on improved real property, the Court upheld Home Interiors and rejected the rule that only mechanic's liens filed as to new structures have priority over other prior encumbrances. Tri-County Plumbing & Heating, Inc. v. Levee Restorations, Inc. (1986), 221 Mont. 403, 417-18, 720 P.2d 247, 256. Appellant advances the same argument as did lender in Tri-County. Respondent contends Tri-County affords priority to mechanic's liens regardless of the nature of the work performed on the real property.

We find the instant case readily distinguishable from the trio of cases set forth above. Appellant and Schenk entered into the loan agreement almost a year prior to the commencement of improvements to the Commercial Bar. Appellant lacked any resource with which to determine that Schenk would commence a remodeling and improvement project at a date far removed from that on which it made the loan. Appellant could not withhold funds intended for construction as Schenk used the loan proceeds to purchase, not remodel, the Commercial Bar. Schenk was under no obligation to notify appellant of the remodeling and related expenditures. Even had Schenk given notice, appellant had no legal means available to further secure its lien position.

In Beck, Home Interiors, and Tri-County the lenders knew or had reason to believe the borrowers would incur additional

6

obligations in improving the property encumbered when making the loans. In each case the Court found the party with the least ability to protect its financial interest should have priority over other prior recorded liens. In the case at hand, respondent could easily have determined that appellant had a prior recorded security interest. The result in the instant case is consistent with § 71-3-542, MCA, the current priority statute. We therefore reverse the order of the District Court granting respondent's motion for summary judgment and remand for entry of judgment in appellant's favor.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7