No. 89-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

NELSON E. CORSCADDEN, d/b/a CORSCADDEN
STEEL CONSTRUCTION,

               Plaintiff and Appellant,

-vs-

LEROY HARRY KOMROSKY and BEVERLY KOMROSKY,
husband and wife; UNITED INSURANCE & REALTY, INC.,
a corporation; and BURTON O. BOSCH, Trustee,

               Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Seventeenth Judicial District,
              In and for the County of Valley,
              The Honorable Leonard Langen, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Robert Hurly, Glasgow, Montana


    For Respondent:

        James M. Kaze; Bosch, Kuhr, Dugdale, Martin & Kaze,
        Havre, Montana

               _____

               Submitted:  January 25, 1990

                 Decided:  March 6, 1990

Filed:

                        Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Nelson Corscadden appeals from an order of the District Court of the Seventeenth Judicial District, Valley County, granting respondents Capital Savings Bank and Burton Bosch's motion for summary judgment. We affirm.

Leroy and Beverly Komrosky owned residential real property located west of Glasgow, Montana. In early 1984, the Komroskys arranged with Capital Savings Bank to consolidate certain pre-existing debts. The resulting loan was secured by a trust indenture on the real property. Capital recorded the trust indenture on February 9, 1984.

Appellant commenced a remodeling project on the Komrosky residence in June 1984. None of the proceeds of Capital's loan went to finance the remodeling. Appellant completed the project in February 1987. In the interim, the Komroskys defaulted on their obligation to Capital. Capital filed notice of non-judicial trustee's foreclosure sale on April 10, 1987. Appellant filed his mechanic's lien two weeks later on April 24, 1987, and on August 7, 1987, instituted this action to foreclose that lien. Capital purchased the real property at the trustee's sale and recorded its deed of trust on August 18, 1987.

Following motions for summary judgment by both parties, the District Court found in favor of Capital. The court certified its judgment for appeal pursuant to Rule 54(b), M.R.Civ.P., and entered judgment on September 15, 1989. The sole issue on appeal is

whether the District Court erred in ruling that Capital's trust indenture took priority over appellant's mechanic's lien.

Our recent holding in American Federal Savings and Loan Association v. Schenk (Mont. 1990), ____ P.2d ____, 47 St.Rep. 177, is dispositive of this issue. In American Federal, we held that the party with the least ability to protect its interest takes priority over previously recorded liens. American Federal, 47 St.Rep. at 180. We distinguished the lender's position in that case from those of the lenders in Beck v. Hanson (1979), 180 Mont. 82, 589 P.2d 141; Home Interiors, Inc. v. Hendrickson (1984), 214 Mont. 194, 692 P.2d 1229; and Tri-County Plumbing & Heating, Inc. v. Levee Restorations, Inc. (1986), 221 Mont. 403, 720 P.2d 247, on the basis of which party had the greater ability to protect its interest. In each of those three cases, the lender knew or had reason to believe the borrower would utilize the loan proceeds to finance new construction or improvements on real property. The lender in American Federal had no knowledge of the remodeling project nor any ability to further protect its position even if armed with such knowledge. American Federal, 47 St.Rep. at 180.

The facts of the instant case are analogous to those of American Federal. Section 71-3-502, MCA (1985), is also the statutory law applicable to this case. Appellant knew of the prior recorded trust indenture before commencing the remodeling work. Appellant notified Capital that the Komroskys contracted with him to remodel their home. However, such notice was given three months after Capital closed its loan with the Komroskys and subsequent to

the recording of Capital's trust indenture as well. The mere giving of notice in no way permitted Capital to improve its position. Appellant, on the other hand, knew of the prior recorded trust indenture and could have secured its position by demanding advance or installment payments. The District Court properly found Capital's trust indenture had priority over appellant's mechanic's lien.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices